**Marlene ZEITSCHICK, Plaintiff–Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant–Appellee.**

**No. 00–6317.**

United States Court of Appeals, Second Circuit.

Aug. 30, 2001.

Marlene Zeitschick, Brooklyn, NY, pro se.

Leslie A. Brodsky, Assistant United States Attorney; Deborah B. Zwany, Assistant United States Attorney, Loretta E. Lynch, United States Attorney, of counsel, Office of the United States Attorney for the Eastern District of New York, NY, for appellee.

Present CABRANES, STRAUB and KATZMANN, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Marlene Zeitschick appeals from a judgment of the United States District Court for the Eastern District of New York entered on October 3, 2000, dismissing her case for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Zeitschick brought suit under the Federal Tort Claims Act, 28 U.S .C. § 2671 *et seq.*, for damages and injunctive relief against the United States Postal Service arising out of an alleged loss of mail. As the District Court noted in its thorough opinion, the United States Postal Service is protected from suit in this case by the doctrine of sovereign immunity. The Federal Tort Claims Act itself states that it retains sovereign immunity over "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (2001). Zeitschick has not alleged that the mail that was purportedly lost fell within the exceptions to this rule. Having reviewed all of Zeitschick's contentions on this appeal and finding in them no grounds for reversal, we affirm the District Court's judgment substantially for the reasons given in Judge Trager's careful opinion of September 28, 2000.

For the reasons stated above, the judgment of the District Court is AFFIRMED.